UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MI-JACK SYSTEMS AND TECHNOLOGY, LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> BABACO ALARM SYSTEMS, INC., ROAD SCHOLAR TRANSPORT, LLC, ROAD SCHOLAR TRANSPORT, INC., and UNITED PRECIOUS METALS REFINING, INC., <br><br> Defendants. | Case No. 12-cv-05448 <br><br> Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

Defendants Road Scholar Transport, Inc. and Road Scholar Transport, LLC (collectively "Road Scholar") have moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. For the reasons discussed below, the Motion is granted.

**BACKGROUND**

The following facts are taken from the Amended Complaint, the submitted exhibits, and affidavits. Plaintiff Mi-Jack Systems and Technology, LLC ("MJST") is an Illinois limited liability company with its principal place of business in Hazel Crest, Illinois. (Am. Compl. ¶ 1.) MJST is the owner of U.S. Patent Nos. 7,059,159 and 7,091,857 (collectively, "the MJST Patents"), which pertain to inventions for security and electronic control systems for cargo trailers. (*Id.* ¶¶ 16-17.) Defendant Babaco Alarm Systems, Inc. ("Babaco") is a New Jersey corporation that manufactures and sells truck alarms and locks. (*Id.* ¶¶ 2, 19.) Defendant Road Scholar is a Pennsylvania corporation that provides national trucking services and has its principal place of business in Dunmore, Pennsylvania. (*Id.* ¶¶ 3-4.)

Babaco manufactures an internal lock ("the Babaco Lock"), which secures the cargo of a trailer, uses a latching device, and has an electronic control that can be operated remotely. (*Id.* ¶¶ 32, 34.) On March 29, 2012, MJST sent Babaco a "cease and desist letter," advising Babaco that the Babaco Lock was infringing on the MJST Patents. (*Id.* ¶ 42.) On July 10, 2012, MJST filed this lawsuit against Babaco for patent infringement.

Subsequent discovery revealed that Road Scholar was testing and using the Babaco Lock in its trucks, as well as advertising and demonstrating the Babaco Lock on its website. (*Id.* ¶¶ 23-32.) Road Scholar provides a variety of services, including "truckload freight services, auto hauling, and high security shipping" throughout the 48 contiguous states. *(Id.* ¶ 21; Pl.'s Resp., Exs. A, B.) On July 7, 2013, MJST filed an Amended Complaint against Road Scholar and additional Defendants.

## LEGAL STANDARD

Road Scholar moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), alleging lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant moves for dismissal under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Citadel Grp., Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). Where, as here, no evidentiary hearing was held as to jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction based on written materials. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Furthermore, the plaintiff is "entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (internal citations and quotations omitted).

Federal Circuit law governs personal jurisdiction over a nonresident defendant in a patent case. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Inamed Corp. v.*

*Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Personal jurisdiction over a defendant in a patent infringement case is proper if two requirements are met: (1) Illinois' long-arm statute must authorize jurisdiction, and (2) personal jurisdiction must comport with constitutional due process. *See Trintec Indus. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Because the Illinois long-arm statute extends personal jurisdiction to the limits allowed under the Due Process Clause of the Fourteenth Amendment, the district court need only determine whether the exercise of personal jurisdiction in this case would be contrary to the United States Constitution. *See* 735 ILCS 5/2-209(c); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Personal jurisdiction may be exercised in accordance with due process only when the defendant has sufficient "minimum contacts" with Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp.*, 302 F.3d at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Such contacts must not be fortuitous. *Hyatt Int'l Corp.*, 302 F.3d at 716. Rather, the defendant must have purposely established minimum contacts with the forum state such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Thus, the district court will determine if it is "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (citing *Int'l Shoe*, 326 U.S. at 317). This is because "[p]otential defendants should have some control over – and certainly should not be surprised by – the jurisdictional consequences of their actions." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir. 1997).

Jurisdiction may be general or specific. Specific jurisdiction over a defendant exists when the suit arises out of or is related to the defendant's contacts with the forum. *Id.* at 1277. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). In other words, to have general jurisdiction over a defendant, "the defendant [must] have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *GoDaddy*, 623 F.3d at 426.

## ANALYSIS

*Specific Personal Jurisdiction*

Specific jurisdiction requires that the defendant has "purposefully directed" his activities at the forum state, and the specific injury arises out of the defendant's forum-related activities. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citing *Burger King*, 471 U.S. at 472, and *Int'l Shoe*, 326 U.S. at 316). MJST argues that specific jurisdiction over Road Scholar exists because Road Scholar has used the Babaco Lock with its carriers and has shipped cargo in Illinois. However, according to a declaration submitted by its president, James Barrett, Road Scholar only purchased three of the Babaco Lock units, used them less than six times for testing and/or shipping jobs, and, most importantly, its trucks that used the Babaco Lock "never travelled in Illinois." (Barrett Dec. ¶ 8 (Dkt. No. 78).) Furthermore, Road Scholar "does not design, manufacture, market, use, advertise, import into, offer to sell, sell, or service any of the accused products in Illinois." (*Id.* ¶ 7.)

Consequently, it is clear that Road Scholar did not purposefully direct its allegedly infringing activities at Illinois, and any alleged injury caused by Road Scholar did not arise out

of its Illinois-related activities. *Felland*, 682 F.3d at 673. Accordingly, no specific personal jurisdiction exists over Road Scholar.

*General Personal Jurisdiction*

The standard for general jurisdiction is quite high, existing only where the defendant has "continuous and systematic" business contacts with the forum state, so that the defendant is subject to any action, regardless of whether the action is related to the defendant's contacts. *RAR*, 107 F.3d at 1277. Road Scholar argues that its contacts with Illinois are *de minimis*, because virtually all of Road Scholar's business occurs in other states. MJST responds that Road Scholar has conducted continuous business in the state of Illinois for many years, Illinois is in Road Scholar's self-proclaimed "Primary Service Area," and Road Scholar maintains an interactive website that targets Illinois residents.

According to Barrett, Road Scholar primarily operates out of its terminals in the Northeastern United States. (Barrett Decl. ¶ 5.) Road Scholar does not have any offices or employees in Illinois, does not own any real property or bank accounts in Illinois, is not registered as an Illinois business, and is not required to pay Illinois taxes. (*Id.* ¶ 6.) For 2012, its trucks logged only 4,196 miles in Illinois, which is 0.08 percent of the 5,214,076 total miles travelled by its trucks. (*Id.* ¶ 9.) For 2012, only 0.11 percent of its invoices had a connection to Illinois, generating only .30 percent of Road Scholar's revenue. The numbers are similar for years 2009, 2010, and 2011. (*Id.* ¶¶ 11-13.) These facts show that Road Scholar does not maintain "continuous and systematic" business contacts within Illinois so that it would "reasonably anticipate being haled into court" here. *RAR*, 107 F.3d at 1277; *Burger King*, 471 U.S. at 474.

Furthermore, Road Scholar states that its website is not specifically directed to residents of Illinois, but instead it is openly available to anyone with an internet connection. Road Scholar points out that it has never offered the Babaco Lock for sale on its website. (Barrett Decl. ¶¶ 14-15.) Moreover, very few of Road Scholar's website visitors appear to originate from Illinois and Road Scholar generates very little, if any, revenue from sales to Illinois residents through its website. (*Id.* ¶¶ 16-17.) Although MJST relies on *Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010), that case is easily distinguished and does not support general jurisdiction over Road Scholar. In *Hemi*, the State of Illinois sued a New Mexico cigarette company, which sold discount cigarettes through its many websites and permitted its customers to calculate shipping charges based on zip code and ship to any state except New York. *Id.* at 757-58. The district court held that the defendant did not have continuous and systematic business contacts to establish general jurisdiction, but that there was specific jurisdiction based on the defendant's cigarette sales to Illinois customers. *Id.* at 757. In affirming the district court, the Seventh Circuit specifically noted that it was *not* deciding the issue of general jurisdiction; rather, it agreed that there was specific jurisdiction and that the defendant "should have foreseen being subject to litigation in Illinois" based on the cigarette sales. *Id.* at 758. Thus, *Hemi* does not support that Road Scholar's website establishes general jurisdiction over it. Similarly, *Hemi* does not support that specific jurisdiction exists over Road Scholar, since Road Scholar never sold, or even used, the Babaco Lock in Illinois.

Road Scholar's contacts with Illinois do not rise to the level of "continuous and systematic" business contacts required for general jurisdiction to exist. Because this Court lacks specific or general jurisdiction over Road Scholar, Road Scholar's Federal Rule of Civil

Procedure 12(b)(2) Motion to Dismiss is granted, and Road Scholar is dismissed without prejudice.

**CONCLUSION**

For the reasons set forth above, Road Scholar's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is granted [69]. Defendant Road Scholar is dismissed without prejudice.

Date: November 20, 2013

JOHN W. DARRAH
United States District Court Judge